THE STATE, EX REL. WILLIAM CLEVELAND AND OTHERS, v. THE COMMON COUNCIL OF ORANGE, IN THE COUNTY OF ESSEX.

1. On an application for a *mandamus* against the common council of Orange, commanding them to open a certain street laid out within the corporation, the court will hold the proceedings of the common council and their constituted agents to have been regular, and will only determine whether the applicants are entitled to have the street opened, and whether it is the duty of the common council to proceed and cause the same to be opened.

2. A mistake in names, not affecting the rights of the parties, made by the commissioners in assessing damages, cannot be inquired into on an application for a *mandamus*.

---

On a rule to show why a *mandamus* should not issue, commanding the common council of Orange to open a certain street laid out by them within the bounds of the corporation.

For the relators, *A. S. Hubbell.*

OGDEN, J. It appears by the proceedings of the common council of Orange, that a street was laid out by them, running from the northerly side of Main street to the northerly side of Elizabeth street, sixty feet wide, to be called Cleveland street.

The ordinance was passed on the first of October, 1860. The assessment of damages to be occasioned by the opening of the same, was reported and adopted on the same day, but no steps have been taken for opening the street and appropriating it to public travel.

The applicants for the street, being the persons upon whom the sum necessary for paying the damages has been assessed, applied to this court in February, 1864, for a *mandamus*, and then obtained a rule upon the common council for them to show cause at the next term why a *mandamus* should not issue, directing them to proceed and open the street according to the requirements of their character.

Several reasons were urged in argument in behalf of the defendants, why the rule should be discharged—1st, that the charter gives the common council no power to take lands for streets in the mode that they have proceeded.

We do not think that the point is well taken.

The 14th section of the original act, under which the proceedings were had on the application for this street, gives full power to the corporation. The supplement of 1861 does not, by its provisions, question that the power existed under the original act, but it provides a particular manner in which the power should in future be exercised.

Another reason was founded upon an alleged irregularity in the proceedings of the council, upon the remonstrance of the trustees of the estate of John C. Smith, a landholder on the route, confined in an asylum as a lunatic; the trustees claiming damages by virtue of the charter, if the street should be laid out and opened. John C. Smith became the *cestui que trust* of the property by the will of his father, Daniel Smith, who had possessed the estate for a long time, and died in August, 1853.

The only commissioners appointed to assess damages, derived their authority from the proceedings of the council had upon the remonstrance of the trustees of John C. Smith.

In making their report to the council they recite that they were appointed to assess the damages occasioned to the es-

tate of Daniel Smith, deceased, and state that they assess the said damages at $400, after viewing the premises and hearing the representations of the parties interested. There clearly was a mistake in names, not affecting the rights of the petitioners and others, to have the street opened for public travel. We are not now to examine the objection as if it was urged on a *certiorari* for reviewing the proceedings of the council. On this application it can have no legal effect. We are to hold the proceedings of the council and their constituted agent as having been regular, and only to determine whether the applicants are entitled to have the streets opened, and whether it is the duty of the common council to proceed and cause the same to be opened.

Other objections were raised and argued, but none of them, in our judgment, contain sufficient cause why the writ should not issue. We are of opinion that the council should proceed and collect the unpaid assessments, if any remain unpaid, and pay the same to the trustees of the estate of John C. Smith; and that they also cause the street laid out by them, called Cleveland street, to be opened and prepared for public travel, and that a writ of *mandamus* issue accordingly.

HAINES and VREDENBURGH, Justices, concurred.